A02A2446, A02A2447. ASSURANCE COMPANY OF AMERICA
v. BBB SERVICE COMPANY, INC.; and vice versa.
(576 SE2d 38)

JOHNSON, Presiding Judge.

BBB Service Company, Inc. owns several Wendy's Old Fashioned Hamburgers restaurants in Florida and Georgia. BBB contracted with Assurance Company of America for insurance covering its restaurants. One of the clauses in the insurance policy provided that in certain circumstances BBB could recover lost income caused by a civil authority action prohibiting access to the restaurants. The clause, entitled "Civil Authority," states:

> We will pay for the actual loss of "business income" you sustain and necessary "extra expense" caused by action of civil

---

[9] See OCGA § 9-11-8 (a) (2).

authority that prohibits access to your premises due to direct physical loss of or damage to property, other than at the "covered premises," caused by or resulting from any Covered Cause of Loss. This coverage will apply for a period of up to 4 consecutive weeks from the date of that action.

On September 13, 1999, Brevard County, Florida, issued an evacuation order due to Hurricane Floyd. The evacuation order, signed by the county commission chairman, provided in pertinent part:

WHEREAS, a state of local emergency has been declared because of the serious threat to the lives and property of residents of Brevard County from Hurricane Floyd. NOW, THEREFORE . . . I hereby order evacuation of areas of Brevard County as set forth below, in order to protect the citizens of Brevard County from the effects of Hurricane Floyd effective September 13, 1999 at 4:00 p.m. Due to the uncertainty of the path of devastating winds and storm surges, all special needs persons; persons residing in mobile homes or manufactured housing; persons residing on the barrier islands including areas from Kennedy Space Center south to the south beaches and Merrit Island; and persons in locations in low areas subject to flooding are hereby ordered to evacuate beginning at 4:00 P.M. Eastern Daylight Time.

As a result of the order, BBB closed its Brevard County restaurants and evacuated the area. BBB submitted a claim to Assurance, stating that it had been unable to do business for two and a half days and had incurred $31,306 in business losses. Assurance rejected the claim, finding that the evacuation order was issued due to the threat of damage to property, not due to actual damage to property as required by the Civil Authority clause in the policy.

BBB sued Assurance, alleging breach of contract and bad faith in refusing to pay the claim. The parties each moved for summary judgment, and at the hearing on the motions they stipulated that BBB's damages are $30,000. The trial court granted summary judgment in favor of BBB on its breach of contract claim and granted summary judgment in favor of Assurance on the bad faith claim.

Assurance appeals from the summary judgment ruling in favor of BBB on the breach of contract claim, while BBB appeals from the summary judgment ruling for Assurance on the bad faith claim. We find that the trial court erred in granting summary judgment to BBB on the breach of contract claim, but correctly granted summary judg-

ment to Assurance on the bad faith claim. We therefore reverse the court's ruling on the breach of contract claim and affirm the judgment on the bad faith claim.

### Case No. A02A2446

1. The Civil Authority clause in the insurance policy requires two things in order for BBB to recover lost business income: (1) that the loss was caused by a civil authority action which prohibited access to BBB's insured premises, and (2) that the civil authority action which prohibited access was due to the direct physical loss of or damage to property other than the insured premises. There is no dispute that the first requirement has been met. The record and briefs before us establish without question that BBB had to close its Wendy's restaurants in Brevard County and leave the area because of the evacuation order, and the parties have stipulated that BBB's resulting damages were $30,000.

But there is a dispute as to whether the second requirement of the Civil Authority clause has been met. The dispositive issue is whether Brevard County's action prohibiting BBB's access to its restaurants was due to the direct physical loss of or damage to premises other than those restaurants. The trial court, in resolving this issue, focused on the phrase "devastating winds" in the evacuation order. The court, without explanation, concluded that the use of the word "devastating" somehow indicates that property damage was actually occurring somewhere and was thus a reason for the order.

We disagree with that conclusion. Webster's Third New International Dictionary defines devastating as "tending, or having the power to devastate." So while the hurricane winds may have tended to devastate or had the power to devastate, there is nothing in the evacuation order indicating that those winds had in fact devastated any property. More importantly, there is no language in the evacuation order establishing that the actual devastation of some property somewhere was the basis for the order.

On the contrary, it appears from the plain language of the evacuation order that the county did not issue the order due to the direct physical loss of or damage to any property. Rather, as Assurance asserts, the plain language of the order provides that a state of emergency was declared due to the *threat* of injury to people or property posed by Hurricane Floyd, and that evacuation was ordered to protect the citizens of Brevard County from the effects of the hurricane. There is no reference in the order to already damaged property as the reason for the evacuation. Given that the plain language of the order refers only to the threat of injury, we find that the trial court improperly expanded the meaning of the word "devastating" to conclude

that the order was based on actual damage to property somewhere. Accordingly, the trial court's grant of summary judgment to BBB on that basis was erroneous.

We note that we are not definitively determining that the evacuation order was not issued, at least in part, because of property damage somewhere. Instead, we are simply finding that, contrary to the trial court's ruling, there is nothing in the language of the evacuation order indicating that it was based on such property damage. And BBB has not pointed to any evidence outside the order establishing without question that actual damage to property other than the insured premises was a basis for the evacuation order.

Moreover, we note that the ultimate determination of whether there is coverage under the Civil Authority clause does not end with an analysis of the reasons for the evacuation order. While those reasons are a critical starting point, the evidence and analysis must not end there since BBB has claimed that it did not do business in its Brevard restaurants for two and a half days. If that is the case, then even if the initial evacuation order was not based on existing property damage, there may have come a time over the next two and a half days when property was actually damaged by the hurricane and that damaged property became a basis for the county to prohibit BBB's access to its restaurants.

Accordingly, several critical questions must be answered by competent evidence to determine if any of BBB's business losses are covered by the policy. Why did BBB not do business for two and a half days? Did the county or any other civil authority prohibit BBB's access to its restaurants during that entire time period? Was the evacuation order in effect for that entire time? At some point after the evacuation order was issued did property damage in the area or elsewhere become a reason for the county or any other civil authority to prohibit BBB's access to its premises?

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant judgment as a matter of law.[1] In the instant case, summary judgment on the breach of contract claim is not appropriate because there are genuine issues of material fact concerning whether any of BBB's business losses are covered by its insurance policy. The trial court's erroneous grant of summary judgment on the breach of contract claim is therefore reversed.

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Case No. A02A2447*

2. BBB contends that the trial court erred in granting summary judgment to Assurance on BBB's cause of action under OCGA § 33-4-6 for bad faith refusal to pay the insurance claim. The contention is without merit because there is no evidence that Assurance acted in bad faith.

> To support a cause of action under OCGA § 33-4-6, the insured bears the burden of proving that the refusal to pay the claim was made in bad faith. A defense going far enough to show reasonable and probable cause for making it would vindicate the good faith of the company as effectually as would a complete defense to the action. Penalties for bad faith are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact.[2]

As discussed in Division 1 of this opinion, there are disputed questions of fact as to whether BBB is entitled to coverage under the Civil Authority clause of the policy. Because Assurance has reasonable grounds to contest BBB's claim, by asserting that Brevard County did not deny BBB access to its premises due to actual damage to other property as required by the policy, penalties for bad faith are not authorized. The trial court therefore did not err in granting summary judgment to Assurance on the bad faith claim.[3]

*Judgment reversed in Case No. A02A2446. Judgment affirmed in Case No. A02A2447. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 23, 2002.

*Drew, Eckl & Farnham, Clayton H. Farnham, Elizabeth B. Clarke, for appellant.*

*L. Brown Bivens, James H. Mobley, Jr., for appellee.*

---

[2] (Citation and punctuation omitted.) *Moon v. Mercury Ins. Co. of Ga.*, 253 Ga. App. 506, 507 (2) (559 SE2d 532) (2002).

[3] See id. at 509 (2).