A02A2339. IN RE ESTATE OF ZEIGLER.
(578 SE2d 519)

BARNES, Judge.

Stacy Green Hatchett appeals from the probate court's order removing her as executor of the estate of her grandmother, Alma J. Zeigler. Because we find that the probate court abused its discretion in removing Hatchett as executor, we reverse and remand to the probate court for action consistent with this opinion.

The relevant facts are as follows: Zeigler died in June 2001 and Hatchett, her granddaughter and a resident of Illinois, was named executor in her will. The petition to probate the will was filed on July 20, 2001, and letters testamentary were issued to Hatchett on January 10, 2002.

On March 7, 2002, Rita Williams, one of the will's beneficiaries, filed a petition in the probate court requesting that the court order Hatchett to provide her with information about the property she would inherit under the will. Specifically, she wanted to know whether a house was protected by insurance and whether the mortgage payments were current. Williams complained that, although she had called Hatchett on several occasions, Hatchett refused to talk with her.

On March 7, the probate court issued a rule nisi order instructing Hatchett to appear at a hearing on April 9 to show cause why "the relief prayed for should not be granted." Hatchett did not

---

[17] *Hampton v. State*, 272 Ga. 284, 288 (10) (527 SE2d 872) (2000).

appear at the hearing, but her attorney appeared on her behalf.[1] Following the hearing, the probate court entered an order removing Hatchett as executor because "of [the] Executor's failure to appear and respond to the Petition and Rule Nisi."

On April 15, Hatchett filed a notice of appeal. Subsequently, however, the probate court entered an order vacating its order of removal and then issued a second rule nisi directing Hatchett to appear at a hearing on May 21, to show cause why her letters testamentary should not be revoked. Hatchett did not appear at the May hearing and was once again represented by her attorney. Following the hearing, the probate court again ordered Hatchett removed as executor because she did not comply with the April rule nisi by appearing at the hearing and accounting for her actions as a fiduciary. The probate court also named a new executor. Hatchett appeals from this second order.

1. "OCGA § 5-6-46 (a) provides that the filing of a notice of appeal serves as supersedeas when all costs in the trial court are paid. This automatic supersedeas deprives the trial court of jurisdiction to modify or alter the judgment in the case pending the appeal." (Citations and punctuation omitted.) *Anaya v. Brooks*, 208 Ga. App. 491, 493 (1) (430 SE2d 825) (1993). See also *DeClue v. City of Clayton*, 246 Ga. App. 487, 493 (5) (540 SE2d 675) (2000). Accordingly, any "subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." *Brown v. Wilson Chevrolet-Olds, Inc.*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979). Because the April 15 notice of appeal was still pending, the probate court was without authority to vacate the April 9 order, issue a second rule nisi, or issue the subsequent order of removal, and those proceedings are null and void. Thus, the May 30 notice of appeal is also a nullity because the orders it seeks review of were void, and we will only consider the appeal of the April 9 order of removal.

2. OCGA § 53-7-55 (1) provides that,

> [u]pon the petition of any person having an interest in the estate or whenever it appears to the probate court that good cause may exist to revoke the letters of a personal representative or impose other sanctions, the court shall cite the personal representative to answer to the charge. Upon investi-

---

[1] The transcript of the hearing is not included with the record. Hatchett's attorney filed an affidavit of his recollection of the hearing with the trial court, which is included with the record. While the transcript of the rule nisi hearing is not necessary for our consideration in this case, we note that the affidavit of appellant's counsel does not meet the requirements of OCGA § 5-6-41 (g) regarding the correction of the record for purposes of appeal. *Henderson v. Lewis*, 128 Ga. App. 28 (1) (195 SE2d 289) (1973).

gation, the court may, in the court's discretion . . . [r]evoke the personal representative's letters.

The probate court has broad discretionary powers to remove an estate administrator upon a showing of unfitness for the trust reposed in him. *Nesmith v. Pierce*, 226 Ga. App. 851, 852 (1) (487 SE2d 687) (1997). "[T]he relevant question in reviewing a removal order is whether the trial court had grounds to conclude that there was 'good cause' for the removal." *In re Estate of Davis*, 243 Ga. App. 58, 63 (1) (532 SE2d 169) (2000) (probate court found good cause for the removal of executor where evidence showed that he destroyed evidence relevant to lawsuit against the estate). See *In re Estate of Jackson*, 241 Ga. App. 392, 394-395 (2) (526 SE2d 884) (1999) (executor removed for failure to properly administer the estate by not filing timely and proper annual returns). See also *In re Estate of Williams*, 241 Ga. App. 17-18 (1) (525 SE2d 742) (1999) (executor removed after mismanaging the estate funds by using them to pay for his daughter's funeral).

Although Hatchett argues that the evidence does not demonstrate "good cause" to remove her as executor, in this case, evidence of "good cause" for Hatchett's removal is not the determinative factor in our decision. OCGA § 53-7-55 requires that (1) there appear to be "good cause" or a petition to remove the executor, and (2) the executor be given notice of the charge and opportunity to answer.

Here, Williams petitioned for a rule nisi only so that she might obtain information about her property. The rule nisi directed Hatchett to appear only to show cause "why the relief prayed for should not be granted." There was no petition made to remove her as executor, nor any indication that she might be removed as executor.[2] Following this hearing, the probate court ordered Hatchett removed "because she failed to appear and respond to the Petition and Rule Nisi." Nothing in the record indicates that Hatchett was on notice that her letters testamentary could be revoked.

The record suggests that Hatchett did not respond to numerous requests for information from Williams and that there was a lengthy delay before Hatchett took the oath to become executor. Arguably, these might have presented evidence of "good cause" for Hatchett's removal as executor, but because the probate court did not provide Hatchett with the notice required by OCGA § 53-7-55, we must reverse and remand for the probate court to act in accordance with the statute.

---

[2] In an affidavit purporting to be a recollection of the first rule nisi hearing, Hatchett's attorney said that Williams made an oral motion to remove Hatchett as executor.

*Judgment reversed and remanded. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 24, 2003.

*Clark & Clark, Fred S. Clark,* for appellant.
*David H. Fritts,* for appellee.