## A03A2074. ASSURANCE COMPANY OF AMERICA v. BBB SERVICE COMPANY, INC.
### (593 SE2d 7)

PHIPPS, Judge.

BBB Service Company, Inc., owner of several Wendy's Old Fashioned Hamburgers restaurants in Florida and Georgia, sued its insurance company, Assurance Company of America, charging the insurer with breach of contract in rejecting its claim for loss of business income. After a bench trial, the court entered judgment in favor of BBB. In this second appearance of this case before this court,[1] Assurance contends that the judgment was not supported by evidence. Because the record shows otherwise, we affirm.

On September 13, 1999, Brevard County, Florida, issued an order, signed by the Chairman of the County Commission, declaring a state of local emergency "because of the serious threat to the lives and property of residents of Brevard County from Hurricane Floyd. . . . Because of the uncertainty of the path of devastating winds and storm surges," certain persons were ordered to evacuate. Pursuant to the order, BBB closed its Brevard County restaurants and evacuated the area.

BBB later submitted a claim to Assurance, stating that it had been unable to do business for two and a half days, that it had incurred business losses, and that it was entitled to be paid pursuant to the policy's "Civil Authority" clause. In that clause, Assurance had agreed,

> We will pay for the actual loss of "business income" you sustain and necessary "extra expense" caused by action of civil authority that prohibits access to your premises due to direct physical loss of or damage to property, other than at the "covered premises," caused by or resulting from any Covered Cause of Loss. This coverage will apply for a period of up to 4 consecutive weeks from the date of that action.

Assurance rejected the claim on the ground that the evacuation order was issued due to the threat of damage to property, not due to actual damage to property as required by the cited provision.

---

[1] See *Assurance Co. of America v. BBB Svc. Co.*, 259 Ga. App. 54 (576 SE2d 38) (2002).

BBB sued Assurance, alleging breach of contract and bad faith in rejecting the claim. On cross-motions for summary judgment, the trial court granted summary judgment in favor of BBB on the breach of contract claim and summary judgment in favor of Assurance on the bad faith claim. Both parties appealed.

In the first appearance of this case before this court, we determined:

> The Civil Authority clause in the insurance policy requires two things in order for BBB to recover lost business income: (1) that the loss was caused by a civil authority action which prohibited access to BBB's insured premises, and (2) that the civil authority action which prohibited access was due to the direct physical loss of or damage to property other than the insured premises.[2]

While we found that evidence in the record showed that the first requirement had been met, we ruled that BBB had failed to point to any evidence establishing that "actual damage to property other than the insured premises was a basis for the evacuation order."[3] Further, we listed several critical questions that remained unanswered by competent evidence:

> Why did BBB not do business for two and a half days? Did the county or any other civil authority prohibit BBB's access to its restaurants during that entire time period? Was the evacuation order in effect for that entire time? At some point after the evacuation order was issued did property damage in the area or elsewhere become a reason for the county or any other civil authority to prohibit BBB's access to its premises?[4]

Because there were genuine issues of material fact concerning whether any of BBB's business losses were covered by its insurance policy, we reversed the grant of summary judgment to BBB on the breach of contract claim and affirmed the grant of summary judgment to Assurance on the bad faith claim.[5]

At the bench trial, the parties stipulated to the following facts. (1) The evacuation order went into effect at 4:00 p.m. on September 13, 1999, and remained in effect until around mid-day on September 15, 1999, two and a half days later. (2) BBB's restaurants were closed

---

[2] Id. at 56.
[3] Id. at 57.
[4] Id.
[5] Id.

because of the evacuation order, and the loss of business income was $30,000. (3) Property damage was occurring throughout the effective term of the evacuation order where hurricane winds were making landfall. The parties waived findings of fact and agreed that the only issue to be tried was "whether the evacuation order was issued because of damage to . . . property other than the insured premises."

As to that issue, BBB introduced photographs of the hurricane's landfall in the Bahamas on September 13 through September 14. BBB also presented the testimony of members of the Brevard County "Policy Group," who were assembled to make emergency decisions regarding weather-related problems. One member of that team, the attorney for Brevard County, testified that the group had "watched [the storm] progress from the Atlantic, [and] there was a lot of damage being done to the south of us at the various islands that it crossed." He stated that the fact that the storm had been causing damage in its path, the forecast that the storm was headed to Brevard County, and the anticipated impact of the storm if it reached Brevard County were factors that led the team to advise the Chairman of the County Commission to sign the evacuation order. And another member of the "Policy Group," a Public Safety Director, confirmed that the Chairman made the "actual decision" to order the evacuation, "based on [the team's] recommendation." The court ruled in favor of BBB, thus implicitly finding that a basis for the evacuation order was actual damage to property other than the insured premises.

We review appeals from bench trials, where the trial judge sits as trier of fact, under the clearly erroneous standard.[6] Therefore, a trial court's findings of fact will not be disturbed if there is any evidence to support them.[7] Here, the record belies Assurance's contention that BBB failed to present any evidence that actual damage to property other than the insured premises was a basis for the evacuation order.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 2, 2003 —
RECONSIDERATION DENIED JANUARY 7, 2004

*Drew, Eckl & Farnham, Clayton H. Farnham, Elizabeth B. Clarke,* for appellant.
*L. Brown Bivens, James H. Mobley, Jr.,* for appellee.

---

[6] *Harper v. Foxworthy, Inc.,* 254 Ga. App. 495 (562 SE2d 736) (2002).
[7] Id. at 496.