The ESTATE OF Kimberly THORNTON, by and through its Administrator, Abbie THORNTON, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.

No. 1:06–CV–1576–CAP.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 15, 2006.

Matthew Wyatt Dominick, Matthew W. Dominick, P.C., Cumming, GA, for Plaintiff.

Michael Joseph Hannan, III, Thompson, Slagle & Hannan, LLC, Duluth, GA, for Defendant.

## ORDER

PANNELL, District Judge.

This matter is before the court on the plaintiff's motion to remand [Doc. No. 3] and the defendant's motion to dismiss [Doc. No. 2].

### Factual Background

Ms. Kimberly Thornton died on March 23, 2005. Before her death, Ms. Thornton took out an insurance policy from the defendant, Policy Number 00502147 ("Policy"). The parties disagree, however, regarding the amount of the Policy. The

plaintiff contends that the benefits payable under the Policy are $50,000, while the defendant believes that the benefits payable under the Policy are $51,000.

Ms. Thornton passed away unmarried, without a will, and without naming a beneficiary under the Policy. At the time of her death, she had one minor child, Ms. Ianna Reece, and one adult child, Mr. Anthony Bottoms.

On or about May 25, 2005, the defendant paid $51,000 purportedly due under the Policy to Mr. Bottoms. The plaintiff then informed the defendant that she believed that the proper beneficiary under the Policy was Ms. Thornton's Estate and not Mr. Bottoms, but the defendant did not respond to the plaintiff's letter.

On May 23, 2006, the plaintiff filed a four-count complaint against the defendant. Count One is a claim for bad faith denial of insurance benefits pursuant to O.C.G.A. § 33–4–6. Count Two is a breach of contract claim, while Count Three is a negligence claim. Finally, Count Four is a claim for attorney's fees pursuant to O.C.G.A. § 13–6–11. As recompense for the defendant's alleged bad acts, the plaintiff seeks $50,000 in insurance benefits, interest, attorney's fees, and an additional 50 percent of the insurance benefits as a penalty for the defendant's alleged bad faith. The plaintiff's request for statutory penalties is based on O.C.G.A. § 33–4–6. Section 33–4–6 states that if an insurer in bad faith refuses to pay a valid claim under an insurance policy, "the insurer shall be liable to pay [the policy] holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer." O.C.G.A. § 33–4–6.

On June 6, 2006, the defendant filed a motion to dismiss Counts Two, Three, and Four. The plaintiff responded by, among other things, filing a motion to remand.

*Legal Analysis*
## A. The Plaintiff's Motion to Remand

On July 3, 2006, the defendant removed the case to this court arguing that the parties are diverse and that the amount in controversy exceeds $75,000. Specifically, the defendant claims that the amount in controversy is at least $76,500. The defendant arrives at this figure by assuming that the plaintiff will recover $51,000 in insurance benefits, as well as the maximum bad faith penalty, $25,500 (50 percent of the Policy benefits).

The plaintiff bases her challenge to the defendant's removal petition on the jurisdictional amount in controversy. The plaintiff contends that the amount of the benefit is $50,000, not $51,000. The plaintiff also argues that the court should not consider her request for attorney's fees, nor should the court assume that the plaintiff would be awarded $25,500 in bad faith damages, as this is the most the court could possibly award under O.C.G.A. § 33–4–6. Even if the court were to assume that the plaintiff was awarded the maximum amount of bad faith damages, the plaintiff argues that the amount in controversy is $75,000 ($50,000 in insurance benefits plus $25,000 in bad faith penalties), not $76,500.

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Insurance, Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Because this case was first filed in state court and removed to federal court by the defendant, the defendant bears the burden of establishing federal jurisdiction. *Williams v. Best Buy Company, Inc.*, 269

F.3d 1316, 1319 (11th Cir.2001). When the plaintiff fails to plead a specific amount of damages, the removing defendant, by a preponderance of the evidence, must prove that the amount in controversy exceeds the jurisdictional requirement. *Id.*

■ The defendant has filed an affidavit stating that benefit due under the Policy is $51,000, not $50,000. The plaintiff has not contradicted this evidence. Thus, the defendant has proved by a preponderance of the evidence that the benefit payable under the Policy is $51,000.

■ In addition to the Policy benefit, the plaintiff requests a bad faith penalty of 50 percent of the Policy benefit. Fifty percent of $51,000 is $25,500. Added together, the amount in controversy is at least $76,500 (the $51,000 Policy benefit plus $25,500 in statutory bad faith penalties). Because this exceeds the statutory threshold, the defendant has satisfied its burden and the plaintiff's motion to remand is denied.[1]

### B. *The Defendant's Motion to Dismiss*

As noted above, the defendant asks the court to dismiss Counts Two, Three, and Four of the plaintiff's complaint. In particular, the defendant argues that all three of the claims should be dismissed because O.C.G.A. § 33–4–6 is the exclusive remedy against an insurance company that denies benefits. The defendant also argues that plaintiff's negligence claim should be dismissed because there is no special relationship between the parties, nor is there a duty imposed by law that could form the basis of such a relationship in this case.

Generally, a claim should be dismissed under Rule 12(b)(6) only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss, the court must accept the facts pleaded as true and construe them in a light favorable to the plaintiff. *See Covad Communications Co. v. BellSouth Co.*, 299 F.3d 1272, 1279 (11th Cir.2002).

#### 1. *Count Two: Breach of Contract*

■ None of the cases cited by the defendant hold that O.C.G.A. § 33–4–6 precludes an insured or a beneficiary from bringing a breach of contract claim against an insurer. Other cases, moreover, have implicitly recognized the ability of an insured to bring a breach of contract claim and a claim for bad faith simultaneously. *See Assurance Co. of America v. BBB Service Co., Inc.*, 259 Ga.App. 54, 576 S.E.2d 38 (2002). The court, therefore, will not dismiss the plaintiff's breach of contract claim.

#### 2. *Count Three: Negligence*

■ To state a cause of action for negligence in Georgia, the following elements are essential: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm, (2) breach of this standard, (3) a legally attributable causal connection between the conduct and resulting injury, and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. *Berry v. Hamilton*, 246 Ga.App. 608–09, 541 S.E.2d 428, 429–30 (2000).

Here, the facts alleged by the plaintiff in her complaint set forth a simple claim for

---

**1.** Although it is not necessary for the court to include attorney's fees in its calculation, the court notes that where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy. *Hall v. Travelers Insurance Co.*, 691 F.Supp. 1406, 1410 (N.D.Ga. 1988).

breach of contract. Nothing alleged in the complaint suggests that the relationship between the plaintiff and the defendant is anything more than contractual.

The plaintiff, nevertheless, suggests that Georgia law imposes a duty upon parties to a contract to deal fairly and in good faith. While this may be true, absent a special relationship between the parties to a contract, Georgia law does not support the type of tort claim suggested by the plaintiff. *See ServiceMaster Co., L.P. v. Martin,* 252 Ga.App. 751, 754, 556 S.E.2d 517, 521 (2001) ("It is well settled that the mere failure to perform a contract does not constitute a tort. A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law. This is true even in situations where the contract is breached in bad faith."). Since there is no special relationship between the parties, the court will dismiss the plaintiff's negligence claim.

### 3. *Count Four: Attorney's Fees Pursuant to O.C.G.A. § 13–6–11*

■ The plaintiff has asked for attorney's fees pursuant to O.C.G.A. § 33–4–6 and O.C.G.A. § 13–6–11. Section 33–4–6 allows an insured to collect all reasonable attorney's fees incurred during the prosecution of an action against an insurer if the insurer denies the insurance claim in bad faith. O.C.G.A. § 13–6–11, on the other

hand, is much broader. It allows a plaintiff to recover litigation expenses, including attorney's fees, if the defendant has acted in bad faith, either during or subsequent to the transaction at issue. The defendant argues that the plaintiff is only entitled to attorney's fees under O.C.G.A. § 33–4–6.

Georgia courts have held that O.C.G.A. § 33–4–6 is the exclusive remedy for bad faith denial of benefits unless other elements of damages are recoverable. *See Howell v. Southern Heritage Insurance Co.,* 214 Ga.App. 536, 537, 448 S.E.2d 275, 276 (1994). Since the plaintiff's only viable claim for damages is predicated on the defendant's failure to pay benefits under the Policy, there is no claim for damages that will support an award under O.C.G.A. § 13–6–11. Thus, the court will dismiss Count Four of the plaintiff's complaint.

### Conclusion

For the reasons set forth above, the court hereby DENIES the plaintiff's motion to remand [Doc. No. 3] and GRANTS IN PART and DENIES IN PART the defendant's motion to dismiss [Doc. No. 2]. The defendant's motion to dismiss [Doc. No. 2] is GRANTED to the extent that the court will dismiss Counts Three and Four. The motion [Doc. No. 2] is otherwise denied.