A08A1073. LAWYERS TITLE INSURANCE CORPORATION
v. STRIBLING et al.
(670 SE2d 154)

ANDREWS, Judge.
Lawyers Title Insurance Corporation appeals from the trial court's order granting summary judgment to James and Carole Stribling on their complaint that Lawyers Title breached its duty to defend them in a lawsuit claiming an easement across their land. Because the trial court correctly held that Lawyers Title had a duty to defend the Striblings until it could determine whether the policy provided coverage or whether the claim fell within one of the exclusions, we affirm.

---

This case arose after the Striblings bought a piece of property on Lake Rabun and bought title insurance for the property from Lawyers Title. In 2003, 19 years after they bought the land, the Striblings began building a house on the property. Seydel Properties sued the Striblings to enjoin construction on the house, claiming that this construction was interfering with its easement across the Striblings' land to its property.

The Striblings sent a copy of the Seydel complaint and its attachments to Lawyers Title. Lawyers Title responded that the Striblings' claim was outside the scope of coverage provided by the policy and refused to defend the lawsuit.

At some point, it appears that the Striblings settled the Seydel suit, with Seydel abandoning its claims to the easement. The Striblings then filed the instant lawsuit against Lawyers Title, claiming damages for breach of contract of the title insurance policy.

After Lawyers Title filed a motion for summary judgment, the trial court held a hearing at which it denied Lawyers Title's motion and granted partial summary judgment to the Striblings. The trial court held that Lawyers Title breached its duty to defend and the only remaining issue was the amount of damages.[1] This appeal followed.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (486 SE2d 684) (1997).

So viewed, the evidence was that Seydel's complaint alleged that it had an express easement across the Striblings' property as follows:

> Plaintiff's Easement extends over Inverness Road beginning at its intersection with a public road to its intersection with that road now known as Lower Inverness Road, and over Lower Inverness Road to its terminus in a gravel parking area on the Stribling Property, and from said gravel parking area over and across the Stribling Property toward the boathouse on the Seydel Property until its intersection with the Seydel Property.

Lawyers Title denied coverage for this complaint, pointing to three different exclusions under Schedule B of the policy:

---

[1] The trial court denied the Striblings' motion for summary judgment on their bad faith claim against Lawyers Title.

(1) exclusion two, which provided that the policy did not insure against, among others, "[t]he exact location of boundary lines, unrecorded easements, possible encroachments and other facts or conditions which would be disclosed by an accurate survey and inspection of the property; and rights, if any, of persons who may be in possession under claims not appearing of record"; (2) exclusion four, "[r]ights of others, including but not limited to, Thomas Edward Fraser, Mildred Seydell [sic], I. Lawson Spence, Dale Wintlend[,] and John B. Stroud, their heirs and assigns, in and to Inverness Road for the purposes of ingress and egress"; and (3) exclusion five, "[r]ight of Reece and Hoopes, their heirs, transfers and assigns, to the use of the Westerly 276 feet of Lower Inverness Road as measured from its intersection with Inverness Road."

The Striblings pointed out to Lawyers Title that the express easement claimed by Seydel was for access to Lower Inverness Road and across their property to the Seydel boathouse and therefore was not the same easement recognized by their warranty deed and listed under exclusion four in the title insurance policy. Lawyers Title responded by agreeing that the complaint alleged "rights far beyond that of Iverness [sic] Road" and acknowledging that the "deed clearly establishes that it conveys a right of ingress and egress over the Iverness [sic] Road and is limited thereto." Nevertheless, Lawyers Title ended the letter by stating that paragraph 4 of Schedule B eliminates coverage for this allegation.

After this suit was filed, the parties took the deposition of Charles Clay, the lawyer who was the agent for Lawyers Title at the time the policy was issued. Clay performed the title search and wrote the insurance policy for Lawyers Title. Clay stated that under the easement excluded from coverage there was no access to the Stribling property by Lower Inverness Road; but rather, Lower Inverness Road was a distinct right-of-way which gave access to the Stribling property and another property originally owned by Reece and Hoopes. Clay gave it as his opinion that Seydel did not have the easement that it was claiming in its complaint.

The trial court held that the Striblings' complaint, together with the attachments, "contained information which raised the possibility that the Seydel assertion concerning the scope of the express easement was not true." The trial court pointed out that "[t]he exclusion in the title policy relating to the rights of Mildred Seydel is limited to a right of ingress and egress to 'Inverness Road' only[,] and does not include any right to the use of Lower Inverness Road or any additional property owned by the Striblings." Accordingly, the trial court held that Lawyers Title had a duty to defend the Striblings until and unless it could determine that the Seydel claim was based on an unrecorded easement, in which case exclusion two

of Schedule B would relieve the Defendant from its obligation, or determine that the claim was based on an easement of record in favor of Seydel, not identified in the title examination or listed in the policy of insurance, in which event coverage would exist; or, determine that the Seydel assertion that its express easement extended beyond Inverness Road was not justified, in which event coverage would also be provided by the policy.

In cases involving an insurance company's denial of coverage, "the duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy[,] even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." (Punctuation and emphasis omitted.) *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85-86 (259 SE2d 39) (1979).

The burden is on the insurer to show that a loss or claim comes within an exception to coverage. With respect to an exception to the duty to defend, this burden is not carried merely by proving that the allegations of the complaint allege facts excluding the claim from the policy. *Loftin v. United States Fire Ins. Co.*, 106 Ga. App. 287 (127 SE2d 53) (1962).

> [W]hen the complaint on its face shows no coverage, but the insured notifies the insurer of factual contentions that would place the claim within the policy coverage, . . . the insurer has an obligation to give due consideration to its insured's factual contentions and to . . . conduct a reasonable investigation into its insured's contentions. To relieve an insurer of any duty to investigate its insured's contentions would allow the allegations of a third-party to determine the insured's rights under its contract. Placing a duty of investigation on insurers in these limited circumstances is not an unreasonable burden, especially in light of the availability of the "procedurally safe course" of providing a defense under a reservation of rights and filing a declaratory judgment action to determine its obligations. An insurer who fails to investigate its insured's contentions and refuses a defense will be liable for a breach of the duty to defend if a reasonable investigation at the time would have established the potential for coverage.

(Footnotes omitted.) *Colonial Oil Indus. v. Underwriters Subscribing &c.*, 268 Ga. 561, 562 (491 SE2d 337) (1997). See also *North Metro Directories Publishing v. Cotton States Mut. Ins. Co.*, 279 Ga. App. 492, 494 (631 SE2d 726) (2006) ("The issue is not whether the

insured is *actually liable* to the plaintiffs; the issue is whether a claim has been asserted which falls within the policy coverage and which the insurer has a duty to defend.") (punctuation omitted; emphasis in original).

Here, the Striblings argued that it was apparent from the complaint that the easement Seydel was claiming was not the one listed in their warranty deed and therefore was not the one stated in the exclusions from coverage under the policy. Likewise, with regard to the other exclusion cited by Lawyers Title, excluding coverage for "[t]he exact location of boundary lines, unrecorded easements, possible encroachments and other facts or conditions which would be disclosed by an accurate survey and inspection of the property; and rights, if any, of persons who may be in possession under claims not appearing of record," there is nothing in the record showing that any of the allegations in Seydel's complaint would have been brought to light or disclosed in an accurate survey. Indeed, there is an accurate survey in this case and according to Charles Clay's undisputed testimony, it shows nothing pertaining to Seydel's claims.

The policy at issue provides that the insurance company

> at its own cost and without undue delay, shall provide for the defense of the insured in all litigation consisting of actions or proceedings commenced against such insured . . . to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy.

The complaint filed by Seydel against the Striblings falls within this policy coverage and the trial court correctly held that Lawyers Title had a duty to defend the Striblings in the Seydel lawsuit.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 5, 2008.

*Franzen & Salzano, Martha D. Turner*, for appellant.
*Alford & King, David L. G. King, Jr.*, for appellees.