A09A1874. LAWYERS TITLE INSURANCE CORPORATION v. GRIFFIN.

(691 SE2d 633)

MILLER, Chief Judge.

Thomas J. Griffin filed suit against Lawyers Title Insurance Corporation ("Lawyers"), alleging breach of contract and bad faith refusal to pay a claim under a policy of title insurance ("the Policy") issued by Lawyers. Lawyers answered, denying liability, and the parties thereafter filed cross-motions for summary judgment. The trial court granted Griffin's motion for partial summary judgment as to Lawyers' liability under the Policy but denied the motion on the issue of whether Lawyers acted in bad faith under OCGA § 33-4-6 ("bad faith claim"). Further, the trial court denied Lawyers' motion

for summary judgment on Griffin's claims. After both parties filed cross-appeals from the trial court's order ("original order"), the trial court issued an amended order vacating its original order, which denied all motions filed by the parties, and dismissed the parties' cross-appeals. Following a trial, the jury returned a verdict in favor of Griffin in the amount of $773,217.50. Lawyers appeals, arguing that (i) the trial court erred in modifying its original order, as above, and proceeding to trial after Lawyers appealed the original order and paid costs and (ii) the trial court's original order was error insofar as it denied its motion for summary judgment and granted Griffin's motion for summary judgment as to Lawyers' contractual liability. Lawyers also contends the trial court erroneously charged the jury, excluded expert witnesses, and allowed recovery of certain expert witness fees.

After Lawyers filed its notice of appeal from the original order, the trial court was deprived of jurisdiction to modify its original order and proceed to trial. Accordingly, we reverse the trial court's amended order and judgment on the jury verdict. With respect to the original order, we affirm the trial court's denial of Lawyers' motion for summary judgment as to its liability under the Policy but reverse the trial court's denial of Lawyers' motion as to Griffin's bad faith claim. We also reverse the original order with respect to the trial court's grant of partial summary judgment to Griffin on the issue of Lawyers' liability under the Policy.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant." (Citations omitted.) *Lawyers Title Ins. Corp. v. Stribling*, 294 Ga. App. 382, 383 (670 SE2d 154) (2008).

So viewed, the evidence shows that in July 2004, Griffin purchased a 222.6-acre tract of land in Meriwether County (the "Property") from Tim Harper, Sharon Harper and Lemoin Dolan (the "Sellers") together with a purported easement thereon from Lydia Culpepper Yeargan to Gail Lee Gordon, dated October 10, 1987 (the "easement").[1] Griffin insured his title to the Property, including the easement, by the Policy which, subject to exclusions from coverage, exceptions, conditions and stipulations, insured against loss or damage, not exceeding the policy limit of $1,157,542.88, "sustained or incurred by the insured by reason of . . . [t]itle to the estate or interest described in Schedule A [of the policy] being vested other

---

[1] The easement was described as an existing farm road from Culpepper Drive to the southeast corner of Tract No. 5, property then belonging to Gail Lee Gordon.

than as stated therein[.]"

Approximately one year after the purchase, Griffin learned that the easement belonged to an adjoining landowner because Yeargan, the grantor of the easement, had possessed a life estate in the easement and died seven years before Griffin purchased the Property at issue. On December 16, 2005, Griffin provided written notice of his claim and an affidavit to Lawyers, and demanded the amount of $364,000 for the diminished value of his Property resulting from the loss of the easement. In that letter, Griffin indicated that he was the maker of a promissory note, secured by the Property, held by Dolan in the principal amount of $287,500 and that the balance of the principal sum plus interest was $313,375, payable on January 8, 2006. Further, Griffin stated that, unless Lawyers filed a lawsuit against the Sellers, he intended to file a lawsuit against the Sellers to preserve the existence of the balance due under the note because it "represents the diminished value of the property, as warranted." Lawyers thereafter agreed to serve as Griffin's escrow agent and hold the sum of $313,375 in escrow for one month while Griffin attempted to resolve the matter with Dolan.

Griffin and Dolan, however, were unable to resolve their dispute, and on February 23, 2006, Lawyers hired outside counsel, Jones, Cork & Miller ("JCM"), to file an interpleader action against Griffin and the Sellers, and Lawyers deposited the escrowed funds into the court's registry. Although Lawyers paid two appraisers, Cliff Elliott and Rodney Williams, to appraise the Property for Griffin's benefit to determine his damages associated with the loss of the easement, both concluded that the absence of the easement had no impact on the value of the Property. Believing that Griffin's interests had become adverse to Lawyers and that it was simultaneously representing both Griffin and Lawyers, JCM filed a motion to withdraw from its representation of Griffin. After the trial court granted JCM's motion to withdraw, Griffin obtained new counsel, and agreed to pay the monies in the court's registry to Dolan, resulting in dismissal of the interpleader action.

On or about June 4, 2007, Griffin's new attorney made a written demand to Lawyers in the amount of $300,000 for losses incurred by Griffin as a result of the termination of the easement, indicating that Griffin would file suit to recover bad faith damages and attorney fees under OCGA § 33-4-6 if Lawyers did not pay $300,000 within 60 days of its receipt of the letter. On July 6, 2007, Lawyers denied Griffin's claim, and Griffin filed this lawsuit.

1. Lawyers argues that the trial court erred in amending its original order and proceeding to a jury trial after Lawyers filed a notice of appeal and paid costs. We agree.

The question of whether the trial court was deprived of jurisdic-

tion to modify its original order and proceed to trial after the filing of a notice of appeal is a question of law, which we review under the "plain legal error" standard of review. See *Gallagher v. Fiderion Group, LLC*, 300 Ga. App. 434 (685 SE2d 387) (2009).

"OCGA § 5-6-46 (a) provides that the filing of a notice of appeal serves as supersedeas when all costs in the trial court are paid. This automatic supersedeas deprives the trial court of jurisdiction to modify or alter the judgment in the case pending the appeal." (Citations and punctuation omitted.) *In re Estate of Zeigler*, 259 Ga. App. 807, 808 (1) (578 SE2d 519) (2003). Therefore, any "subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (Citation and punctuation omitted.) Id.

Here, Lawyers timely appealed from the trial court's adverse rulings in the original order concerning its liability under the Policy and Griffin's bad faith claim, and timely paid the costs for appeal. Griffin also timely filed a cross-appeal from the trial court's denial of partial summary judgment to him regarding his claim of bad faith. Given the foregoing, the trial court was deprived of jurisdiction to modify the original order, dismiss the parties' cross-appeals, and proceed with a jury trial. *Zeigler*, supra, 259 Ga. App. at 808 (1). Moreover, given that the supersedeas was in effect, the trial proceedings, verdict and resulting judgment were a nullity. Id. Compare *Certain Underwriters at Lloyd's of London v. Rucker Constr.*, 285 Ga. App. 844, 845 (1) (648 SE2d 170) (2007) (after denial of appellant's application for interlocutory review of the trial court's order overruling its motion for summary judgment, "[if] the case proceeds to trial and the evidence at the trial authorizes the verdict (judgment) on that issue, any error in overruling the motion for summary judgment is harmless") (punctuation, footnote and emphasis omitted). Accordingly, we hereby vacate the trial court's amended order and judgment on the jury's verdict.

2. Lawyers challenges the trial court's rulings against it in its original order.

As to the original order, Lawyers contends that the trial court erred in denying its motion for summary judgment as to Griffin's bad faith and breach of contract claims. Lawyers also argues that the trial court's grant of partial summary judgment to Griffin on the issue of contractual liability was error. We agree that the trial court erred in denying Lawyers' motion for summary judgment as to Griffin's bad faith claim and granting partial summary judgment to Griffin as to Lawyers' liability under the Policy. The trial court, however, did not err in denying Lawyers' motion as to Griffin's breach of contract claim.

(a) *Lawyers' contractual liability under the Policy*. "The words

YALE LAW LIBRARY

used in policies of insurance, as in all other contracts, bear their usual and common significance, and policies of insurance are, as in all other contracts, to be construed in their ordinary meaning." (Citations and punctuation omitted.) *Truitt Oil & Gas Co. v. Ranger Ins. Co.*, 231 Ga. App. 89, 90 (1) (498 SE2d 572) (1998). Here, the Policy sets forth certain exclusions from coverage, and plainly states that "[Lawyers] will not pay loss or damage, costs, attorney's fees or expenses which arise by reason of: ... 3. Defects, ... or other matters[ ] ... (c) resulting in no loss or damage to the insured claimant[.]" The Policy further provides that it is "a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described."

Here, Griffin's complaint alleged that the Policy insured the Property, which included the easement, now terminated. Lawyers argued that its liability was precluded by the Policy exclusion applicable to a defect "resulting in no loss or damage to the insured claimant[ ]," asserting that Griffin failed to show an actual monetary loss resulting from the loss of the easement.

Lawyers supported its summary judgment motion with the testimony of Elliott, who opined that the loss of the easement had no impact on the value of the Property. In response, Griffin presented his own affidavit as well as the affidavit of Donald Pardue, opining that the loss of the easement resulted in a diminution in value of the Property of $390,000. Other evidence showed that Lawyers' own expert witness, Bruce Crawford, found a diminution in value of $25,000 upon comparing the Property's value with and without the easement. Thus, jury questions remain as to whether Griffin was entitled to summary judgment in his favor as to Lawyers' liability for monetary loss under the Policy. The original order, therefore, erroneously granted summary judgment in Griffin's favor as to Lawyers' liability under the Policy and correctly denied Lawyers' summary judgment motion as to Griffin's breach of contract claim.

(b) *Bad faith claim*. Lawyers also argues that it was entitled to summary judgment on Griffin's bad faith claim. We agree.

> To prevail on a claim for an insurer's bad faith under OCGA § 33-4-6, the insured must prove: (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith.

(Citation and footnote omitted.) *Bayrock Mtg. Corp. v. Chicago Title*

*Ins. Co.*, 286 Ga. App. 18, 19 (648 SE2d 433) (2007); OCGA § 33-4-6. "Penalties for bad faith are not authorized[, however,] where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." (Footnote omitted.) *Assurance Co. &c. v. BBB Svc. Co.*, 259 Ga. App. 54, 58 (2) (576 SE2d 38) (2002). "Bad faith is shown by evidence that under *the terms of the policy* upon which the demand is made and under the facts surrounding the response to that demand, the insurer had no 'good cause' for resisting and delaying payment." (Citation and punctuation omitted; emphasis in original.) *Ga. Intl. Life Ins. Co. v. Harden*, 158 Ga. App. 450, 454 (2) (280 SE2d 863) (1981).

Here, after Griffin's attorney made a formal demand for bad faith damages on June 4, 2007, Lawyers denied the claim on July 7, 2007, relying on Elliott's appraisal, previously secured in the interpleader action filed by JCM, which showed that the value of the Property was the same "whether or not it is serviced by the easement." As such, Lawyers' counsel contended that Griffin "had not suffered any actual monetary loss." Given that Lawyers' nonpayment was based on its contention that Griffin did not have a covered loss under the Policy, Lawyers had a reasonable basis to refuse Griffin's demand. *Assurance*, supra, 259 Ga. App. at 58 (2). Consequently, the trial court erred in denying Lawyers' motion for summary judgment as to Griffin's bad faith claim.

3. Given our holding in Division 1, we need not reach the remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 9, 2010.

*Smith, Diment & Conerly, Dana G. Diment, Charles S. Conerly, Price H. Carroll, Tom A. Bingham*, for appellant.

*Proctor, Hutchins & Porterfield, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey*, for appellee.