## 52065. MOORE v. WACHOVIA MORTGAGE COMPANY.

MARSHALL, Judge.

This is an appeal from a summary judgment on the record and pleadings entered by the trial court in favor of the mortgagee, Wachovia Mortgage Company, appellee here and plaintiff below. The judgment was based upon Moore's default on a promissory note executed to Wachovia. The promissory note was secured by a deed to real property. Upon default, Wachovia exercised its power of foreclosure sale and subsequently obtained a confirmation of the sale. The foreclosure sale left an outstanding deficiency on the note of $237,860.16, comprised of $424,122.53 due on the principal, $31,408.63, as accrued interest, and $67,329.67 as attorney fees, less the $285,000 realized on the foreclosure sale. The present suit began as a demand for the payment of the deficiency. Appellant Moore raises five enu-

merations of error. *Held:*

1. In Enumeration 1 (a) appellant complains that there were genuine issues of fact which precluded the grant of summary judgment. The basis of this contention is that the promissory note called for payment of interest "at 3% above the prime rate in effect from time to time at Wachovia." Since the interest was not otherwise specified, Moore contends there was a factual issue to be established. Examination of the note, however, discloses that the interest was at the "prime rate," presumably that established and charged by Wachovia as a matter of record, and in view of the terms of the note, obviously so understood by the parties to this suit. This "prime rate" was charged by Wachovia on short term loans to all large businesses with the highest credit standing. In accordance with the provisions in the note, changes in the "prime rate" resulted in conforming the interest charged in the note. The changes in the note were conformed on the first day of the month following changes in the "prime rate." Thus the interest rate as pleaded was definite and ascertainable and was a matter of record available to Moore as well as Wachovia. Moore admitted signing the note and does not controvert its provisions. However, Moore denied that he owed $31,408.63 as interest on the note. Though the rate of interest was easily ascertained, no evidence by way of stipulation, deposition or admission was offered to establish the rate or rates of interest during the life of the unmatured note. In the absence of such evidence and in the face of Moore's denial there remained an issue of fact as to the amount of interest due. Since there was an issue as to the amount of interest, this question of fact also pervaded the undifferentiated judgment for the deficiency due. The state of this record leaves unresolved genuine issues of material facts relating to the amount of interest yet to be resolved. Wachovia, as movant for summary judgment, failed in its burden of showing the absence of any genuine issue of fact which under applicable principles of substantive law would entitle it to a judgment. It follows that the trial court erred in extending its grant of summary judgment to include the issue of the amount of the interest. *Raven v. Dodd's Auto Sales &c., Inc.,* 117 Ga. App. 416 (160 SE2d

633). See also *Falls v. Fickling,* 137 Ga. App. 330 (223 SE2d 752), and cits.

2. Enumeration 1 (b) contends the order and judgment of the court was in error because the judgment of $237,860.16 did not segregate the amount into principal, interest and attorney fees. Moore asserts such a judgment allows the possibility of interest to be collected on interest, citing *Harris v. Usry,* 77 Ga. 426 (1). That case is inapposite. In that case a total amount due including unspecified principal and interest was demanded. Judgment with the interest thereon was ordered, thus allowing interest on interest. In this case the principal, interest and attorney fees are separately stated in the pleadings, are easily calculable by simple arithmetic and, as stated, are well within the range of the judgment of the court. See *State Farm Mut. Auto. Ins. Co. v. Kendall,* 104 Ga. App. 481 (5) (122 SE2d 139). This enumeration is without merit.

3. In Enumeration 1 (c), Moore contends that the promissory note was not an unconditional contract in writing because the interest rate was not definite and ascertainable. While Moore contested the amount of interest due, he admitted the note and its provisions. The promise to pay was unambiguous and specific. The terms of the note were clear and not subject to interpretation. Though Wachovia did not offer evidence to establish the amount of interest, there is no indication that the interest was not subject to proof. The failure to establish an amount due does not affect the promise to pay so as to render an unconditional contract a conditional one. *Wilcox v. Turner,* 51 Ga. App. 523 (181 SE 95). This enumeration is without merit.

4. Enumeration 1 (d) complains the collection of attorney fees was improper because Moore allegedly was not given notice in his personal capacity of the intent to collect such fees but that the letter of intent to collect such fees was served only upon Moore as a corporate officer of the co-defendant corporation. This enumeration fails to consider that in this record is Moore's answer to the complaint seeking confirmation of the foreclosure sale. Moore there admitted that he had received notice in his individual capacity as required by Code Ann. § 20-506

(Ga. L. 1890-1, p. 221; 1900, p. 53; 1946, pp. 761, 766; 1953, pp. 545, 546; 1957, p. 264; 1968, p. 317); *Franco v. Bank of Forrest Park,* 118 Ga. App. 700 (1) (165 SE2d 593). That answer neither having been stricken nor amended is binding upon Moore and may not be controverted. *Brittain v. Reid,* 220 Ga. 794 (141 SE2d 903); *Hill v. General Rediscount Corp.,* 116 Ga. App. 459 (157 SE2d 888).

5. Moore's last enumeration (1 (e)) is supported neither by argument nor citation of authority. Accordingly, that enumeration has been abandoned. Rule 18 (c) (2), Rules of the Court of Appeals of the State of Georgia.

In view of the holding in Division 1 of this opinion, the grant of summary judgment was in error. Therefore, the judgment is reversed.

*Judgment reversed. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED APRIL 8, 1976 — DECIDED MAY 14, 1976.

*Albert A. Roberts, Robert P. Midtlyng,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellee.

