## 57678. GRAY v. COUSINS MORTGAGE & EQUITY INVESTMENTS.

DEEN, Chief Judge.

For the prior appearance of this case see *Gray v. Cousins Mtg. &c. Investments,* 145 Ga. App. 889 (245 SE2d 58) (1978), where partial summary judgment against the guarantor on a note was granted the holder, leaving the amount of principal and interest open for further adjudication. The defendant appeals from the direction of a verdict against him, contending among other things that the amount owing was a jury question.

1. The ledger cards offered in evidence by the plaintiff were properly admitted in evidence under testimony of a senior vice president of the plaintiff that they were kept in the normal course of business of the company over a period of years, set up for the fiscal year of the trust, that it maintains similar ledger cards for "any particular loan transaction," and further testimony of the meaning and method of the running entries. The testimony was sufficient to show that the records were made and retained by the plaintiff in the regular course of its business activities. The fact that the witness was in charge of and had personal knowledge of the making of the entries on the cards after July, 1974, does not make inadmissible the entries by Cousins personnel, made in the same manner, which occurred prior to that time. Code § 38-711 making admissible records made in the regular course of business of a company when it is the regular course of such business to keep such records must be liberally construed. *Lewis v. United California Bank,* 143 Ga. App. 126 (237 SE2d 645) (1977). "A stated reason for the rule is to save the inconvenience and expense of producing a battery of witnesses to verify every detail of a record or a record-keeping operation." Id., p. 127. See also *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360 (223 SE2d 757) (1976). The ledger cards were admissible.

2. It is axiomatic that where a real estate note provides for a variable interest rate on the unpaid principal from the date of advance, based on the prime commercial rate charged by a named bank, that the burden is on the plaintiff to establish the various rates of

interest during the life of the note. *Moore v. Wachovia Mtg. Co.,* 138 Ga. App. 646, 647 (226 SE2d 812) (1976). This the plaintiff did by introducing in evidence a photostatic copy of a prime interest rate schedule identified as that of the bank in question by the witness, a vice president of the bank's real estate finance division, over the objections that it was handwritten rather than typed or printed and was not an original. The original document was identified as a business record of the bank, the prime rate of which was used and there was testimony that the plaintiff could have obtained such prime rate from the bank at any given time either by calling it or consulting a printed form. The prime rates identified by the bank official tallied with those used by the plaintiff over the course of the loan. The document in question was admissible as a photostatic copy of the original under Code § 38-710.

3. From the above it is obvious that the plaintiff established a prima facie case of the amount of principal and interest owing, based on the loan agreement, dates of advances, dates of payments, and interest rates. There was no scintilla of evidence contradicting any of the figures presented or disputing the final amount sued for. This being so, the direction of a verdict in favor of the appellee was entirely proper. Cf. *Liberty Loan Corp. of Ga. v. A. P. S., Inc.,* 147 Ga. 492 (249 SE2d 308) (1978); *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629) (1977).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED JUNE 13, 1979.

*Bryan, Wilgus & Spell, L. Penn Spell, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, McDaniel, Seigler & Finlayson, William G. McDaniel,* for appellee.