## 60725. GARRETT et al. v. ATLANTIC BANK & TRUST COMPANY.

CARLEY, Judge.

This is an appeal from the grant of summary judgment in favor of appellee, Atlantic Bank and Trust Company (hereinafter "the bank"), in its suit against the appellants, Randy Marine, Inc. and Paul Garrett, on three promissory notes. Two of the promissory notes were made by Randy Marine, Inc. and guaranteed by Garrett. The third promissory note was made by Garrett individually. The trial court entered judgment for the bank on the two corporate notes in the amount of $14,500 principal, $1,015.46 interest and $2,327.32 in attorney's fees. On the promissory note executed by Garrett individually, the trial court entered judgment for the bank in the amount of $2,436.09 principal, $14.11 interest and $367.53 in attorney's fees.

1. Randy Marine, Inc. and Garrett contend that there were genuine issues of material fact present in the instant case which precluded the grant of summary judgment. Code Ann. § 81A-156. Specifically, appellants assert that since the two corporate notes called for payment of interest at 3% above the prime commercial rate charged by the bank and the bank failed to show the prime rate during the applicable period by affidavit, deposition or otherwise, there remained an issue of fact as to the amount of interest due. We agree.

In response to paragraphs of the bank's complaint alleging the amount of the indebtedness owed on the two corporate notes, Randy Marine, Inc. and Garrett answered as follows: "Defendant Randy Marine, Inc., admits the allegations thereof, but Defendant Paul L. Garrett denies any liability to Plaintiff on said promissory note." As we construe the pleadings, Garrett's denial of "liability" meant that the bank was not entitled to recover in the amount sued for or any other amount. *Southwire Co. v. Metal Equip. Co.,* 129 Ga. App. 49 (7) (198 SE2d 687) (1973). Consequently, the amount of the indebtedness was controverted by Garrett. *Southwire Co. v. Metal Equip. Co.,* supra.

In *Moore v. Wachovia Mtg. Co.,* 138 Ga. App. 646, 647 (226 SE2d 812) (1976), this court held that where no evidence by way of stipulation, deposition or admission was offered to establish the rate or rates of interest during the life of an unmatured note, in the face of a denial of the indebtedness, summary judgment for the holder of the note was improper. See *Gray v. Cousins Mtg. & Equity Invest.,* 150 Ga. App. 296 (2) (257 SE2d 365) (1979). Since, in the instant case, Garrett denied the amount of the indebtedness, the burden was on

the bank to establish the various rates of interest during the life of the note. *Gray v. Cousins Mtg. & Equity Invest.,* supra. An examination of the record reveals that the bank failed to introduce any evidence to establish the rate of interest. In the absence of such evidence and, in the face of Garrett's denial of liability in any amount, there remained an issue of fact as to the amount of interest due and, therefore, as to the total amount of the indebtedness of Garrett on the corporate notes. Since, in its answer, Randy Marine, Inc., admitted without qualification that it owed the amounts of principal, interest and attorney's fees which were ultimately included in the judgment, the grant of summary judgment against Randy Marine, Inc., is affirmed in its entirety. However, as to Garrett, we affirm the trial court's grant of summary judgment in favor of appellee as to Garrett's liability on the corporate notes but reverse the monetary award portion of the judgment against Garrett. The case is remanded for determination under proper evidence of the total amount to which the bank is entitled from Garrett on the corporate notes.

The note executed by Garrett individually provided for interest at the rate of 11.3% per annum. Thus, the interest could be calculated on the basis of the record. Consequently, summary judgment in favor of the bank on this note was proper.

2. Atlantic Bank and Trust Company's motion for damages under Code Ann. § 6-1801 is denied.

*Judgment reversed in part and affirmed in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 13, 1981.

*Walter C. Hartridge, John Gregory Odum,* for appellants.
*J. Curtis Lewis III,* for appellee.