## A90A1480. ENNIS v. BRADSHAW.
### (399 SE2d 493)

COOPER, Judge.

Appellant and appellee were involved in an automobile accident on July 15, 1987. On April 4, 1989, appellant filed an action against appellee for negligence in the Superior Court of Bibb County, the

county of appellee's residence at the time of the accident. The sheriff's return of service reflects that appellee was served personally by the Bibb County deputy sheriff. On May 5, 1989, appellee answered the complaint, raising as defenses insufficiency of service of process, lack of personal jurisdiction, and improper venue. Appellee also alleged in her answer that she was a resident of Houston County and gave her address in that county. On September 11, 1989, appellee filed a motion for summary judgment on the grounds of insufficiency of service, lack of jurisdiction, improper venue, and the statute of limitation. Appellee supported her motion with her personal affidavit, in which she stated that she has resided in Houston County since October 1988 and that she was not personally served with the complaint. Appellant did not respond to appellee's motion for summary judgment, and on October 18, 1989, the trial court, without ruling on appellee's motion for summary judgment, transferred the case to the Superior Court of Houston County. On November 20, 1989, appellee was personally served with a copy of the complaint and on December 18, 1989, she answered the complaint, raising as a defense the statute of limitation. On March 12, 1990, the trial court granted appellee's motion for summary judgment, specifically finding that appellant had not exercised due diligence in perfecting service on appellee after the running of the statute of limitation.

"If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cits.]" *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673 (3) (307 SE2d 134) (1983). " 'The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.' [Cit.]" *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986).

Our review of the record shows no abuse of discretion. Appellant knew as early as May 5, 1989, over two months before the expiration of the statute of limitation, the address where appellee resided in Houston County yet appellant took no action to have appellee properly served. It further appears that even after appellee raised in her motion for summary judgment that the action was barred by the statute of limitation, appellant took no action until the case was transferred. Inasmuch as there is no evidence in the record showing that

appellant exercised due diligence, the trial court correctly granted summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 24, 1990 —
REHEARING DENIED NOVEMBER 27, 1990 —

*John E. James, Kathryn M. Weigand,* for appellant.
*Chambless, Higdon & Carson, Paul M. Knott, Emitte H. Griggs,* for appellee.