A91A0486. HIGHT v. BLANKENSHIP.
(406 SE2d 241)

ANDREWS, Judge.

Hight appeals the trial court's order granting summary judgment in favor of Blankenship in Hight's personal injury action.

On February 1, 1990, Hight filed an action in Muscogee County against Blankenship to recover for personal injuries suffered in an automobile accident which occurred on March 15, 1988. As early as February 2, 1990, Muscogee County Superior Court records reflected that service had been attempted, and that Blankenship resided in Harris County. At least twice, on unspecified dates, Hight's attorney contacted the Muscogee County Sheriff's office to determine the status of service, and eventually learned that service had not been accomplished because Blankenship resided in adjacent Harris County instead of Muscogee County. By letter dated March 30, 1990, Hight's attorney forwarded the service papers to the Harris County Sheriff's office. On April 7, 1990, the return of the Harris County sheriff's office reflected that Blankenship had been served at his most notorious place of abode in Harris County by service upon Philip Young, who was reportedly domiciled at the residence of Blankenship.

On May 2, 1990, Blankenship served Hight's attorney with an answer, raising and preserving the defenses of insufficient service, lack of personal jurisdiction, improper venue, and the expiration of the statute of limitation. On the same date, Blankenship also filed and served a motion seeking summary judgment on the basis that, because of a lack of diligence in obtaining service, the action was barred by the two-year statute of limitation applicable to actions for personal injury. Blankenship's motion and accompanying affidavit showed that he has resided in Harris County since the time the action was commenced, and that he had not been personally served with the action, nor had the action been served at his place of residence. In his motion for summary judgment and the supporting brief, Blankenship realleged and preserved his defenses that Muscogee County was not the proper venue for this action, and that the court lacked personal jurisdiction. In her response to the motion for summary judgment, Hight provided no affidavits or other statements under oath in opposition to the motion.

Subsequently, Blankenship was personally served on June 1, 1990, in Harris County. On June 1, 1990, Hight moved for the case to be transferred from Muscogee County to Harris County, but the record reflects no ruling on this motion. The Muscogee County trial court granted the defendant's motion for summary judgment on August 8, 1990.

The trial court erred in granting summary judgment, where the record reflects the defendant preserved the issues of improper venue and lack of personal jurisdiction by initially pleading them in accordance with OCGA § 9-11-12, and thereafter preserved and reasserted these matters in his motion for summary judgment. See *Roberts v. Bienert*, 183 Ga. App. 751, 753-755 (360 SE2d 25) (1987). Though Blankenship sought summary judgment on the merits on his statute of limitation defense, his motion also clearly asserts his defenses in abatement that the Muscogee County Superior Court is not the proper venue, and therefore lacks personal jurisdiction. Matters in abatement are raised and resolved under OCGA § 9-11-12, and are not proper subjects for a motion for summary judgment. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974); *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 821 (377 SE2d 901) (1989). The statute of limitation defense is a matter to be considered by a court having proper jurisdiction of the merits. *Ennis v. Bradshaw*, 197 Ga. App. 744 (399 SE2d 493) (1990) (statute of limitation defense considered after case was transferred to the appropriate court).

Since the venue and jurisdictional issues have not been waived, nor have they been addressed in the lower court, the trial court's ruling on the merits of the case was premature. Even though the issue has not been raised on appeal, when the record reflects that a judgment was rendered by a court which has failed to address these properly preserved issues, this Court on its own motion will reverse the judgment and remand the case for consideration of the pending venue and jurisdictional issues. See *Department of Human Resources v. Carlton*, 174 Ga. App. 30, 31 (329 SE2d 181) (1985). Before adjudicating on the merits of the case, the proper procedure would have been to consider the defenses in abatement in a hearing pursuant to OCGA § 9-11-12 (d), or, considering the substance rather than the nomenclature of the defendant's motion, treat the motion for summary judgment as a motion to dismiss on the venue and jurisdictional issues. *Roberts*, supra at 754-755. In so doing, we note Uniform Superior Court Rule 19.1 requires that a motion asserting improper venue or lack of jurisdiction be treated as a motion to transfer the action to the proper court.

Accordingly, we reverse the trial court's order granting summary judgment.

*Judgment reversed and case remanded for action consistent with this opinion. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 22, 1991.

*Tony H. Hight*, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree*, for appellee.