## A93A2391. SOUTHWIRE COMPANY v. HULL et al.

(441 SE2d 293)

McMurray, Presiding Judge.

Elmer Hull suffered an on-the-job injury while working for Southwire Company ("Southwire") which resulted in quadriplegia. Southwire now provides Hull with benefits under Georgia's Workers' Compensation Act, including 24-hour-a-day professional nursing care. Southwire attempted to change Elmer Hull's benefits from 24-hour

nursing care to substantially less expensive non-professional attendant care via petition pursuant to OCGA § 34-9-201 (d). After entering findings of fact regarding Elmer Hull's basic needs, an administrative law judge entered an award granting Southwire's petition for a change to non-professional attendant care treatment and authorizing Southwire's "original goal of providing in-home attendant care on behalf of Mr. Hull, with properly trained attendants and supervision by registered nurses as determined and approved by Dr. Donald Leslie, Mr. Elmer Hull's authorized treating physician." Elmer Hull appealed to the Full Board of the State Board of Workers' Compensation and, upon de novo review, the Full Board denied Southwire's petition for a change in Elmer Hull's treatment and adopted all findings and conclusions of the administrative law judge, "except as inconsistent with [its finding] that it would not be in the employee's best interest for the employer/self-insurer to make a change in nursing service at this time." Elmer Hull then appealed to the superior court where it was "CONSIDERED, ORDERED and ADJUDGED that the Award of the Full Board of Workers' Compensation be REVERSED to the extent it requires either the dispensing or administering of medication by unlicensed attendants." This appeal followed this court's order granting Southwire's OCGA § 5-6-35 (a) (1), (b) application for appeal. *Held*:

" 'It has, we believe, ever been the law, both in this State and in other jurisdiction[s], that a party not aggrieved by the judgment of a trial court is without legal right to except thereto, since he has of it no just cause of complaint. . . "In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest." 2 Cyc. 233, and citations.' " *Walker v. Hartford Accident &c. Co.*, 196 Ga. 361, 364 (26 SE2d 695). In the case sub judice, the Full Board of the State Board of Workers' Compensation neither granted Southwire's petition for a change of benefits, nor authorized action which is adverse to Elmer Hull. Further, a thorough examination of the Full Board's award reveals nothing to support the superior court's conclusion that the Full Board's award "requires either the dispensing or administering of medication by unlicensed attendants." On the contrary, the Full Board's denial of Southwire's petition means that Southwire is required to continue providing Elmer Hull with 24-hour-a-day care from licensed health care professionals and that health care professionals are now dispensing or administering Elmer Hull's medication. Accordingly, Hull is not aggrieved by the Full Board's award and therefore has no standing to appeal to the superior court from the Full Board's award. Consequently, the superior court's order purporting to reverse the Full Board's award is a nonbinding advisory opinion and must be reversed. See *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 17, 1994.

*Kenneth A. Smith*, for appellant.
*Donald L. Jones, Harrison, Harrison & Llop, Rita J. Llop*, for appellees.