A11A1427. DAWSON POINTE, LLC et al. v. SUNTRUST BANK.

(718 SE2d 570)

BARNES, Presiding Judge.

The trial court granted summary judgment to SunTrust Bank on its complaint for breach of a promissory note from Dawson Pointe, LLC, and personal guarantees from H. Wayne Clark and James A. Walters. The court awarded the bank $11,714,697 in principal and more than $6.85 million in interest, up to the date of the judgment, plus post-judgment interest at the rate of 21.5 percent per year against all three defendants. On appeal, the defendants argue that the trial court erred because SunTrust failed to prove the applicable rate of interest. For the reasons that follow, we disagree and affirm the trial court.

> On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence. On summary judgment, after the movant makes a prima facie showing of its entitlement to judgment as a matter of law, the burden then shifts to the respondent to come forward with rebuttal evidence. To do so, the respondent must set forth specific facts showing the existence of a genuine issue of disputed fact. OCGA § 9-11-56 (e).

(Citations and footnotes omitted.) *Oasis Goodtime Emporium I v. Crossroads Consulting Group*, 255 Ga. App. 375, 376 (565 SE2d 573) (2002).

The appellants do not dispute that they defaulted on the loan and that they owe the principal awarded, but argue that SunTrust failed to establish the applicable variable rate of interest during the term of the note and after its maturity.

Under the terms of the promissory note and guarantees, the variable interest rate before default was one-quarter of one percent (.25%) over the "Wall Street Journal Prime Rate," which varied during the term of the loan. After default, the contract provided that interest on the unpaid principal amount would accrue at a rate of 18 percent over the variable interest rate.

With its motion for summary judgment, SunTrust submitted an affidavit from one of its employees responsible for maintaining the

bank's business records. Attached to and verified by the affidavit was a "Loan History" for the promissory note, which included the variable interest rate applicable from the note's inception through the date of the affidavit, February 26, 2010. The employee averred that as of the default date of July 24, 2009, the accrued interest was $1,009,687, and that from July 26, 2009, to February 26, 2010, additional interest accrued at the rate of 18 percent plus the variable interest rate before default, which was 3.5 percent, for a total of 21.5 percent interest. The appellants argue that this evidence is insufficient to prove the variable interest rate underlying the interest calculated because it does not establish the Wall Street Journal Prime Rate for the time periods at issue.

Absent evidence to establish the variable rate of interest, defined in the note as a fixed percentage above a specific prime rate, "in the face of a denial of the indebtedness, summary judgment for the holder of the note was improper." *Garrett v. Atlantic Bank &c. Co.*, 157 Ga. App. 103 (1) (276 SE2d 152) (1981); see also *Moore v. Wachovia Mtg. Co.*, 138 Ga. App. 646, 647 (1) (226 SE2d 812) (1976) (absent evidence of the interest rate by way of stipulation, deposition, or admission, in the face of the debtor's denial of the interest amount sought, a question of fact remained for jury).

In this case, however, SunTrust introduced the affidavit of its employee setting forth the applicable variable interest rate, along with a document setting forth the history of the loan and showing the specific variable interest rate charged over time. The trial court acted within its discretion by admitting into evidence this "Loan History Report" as a business record under OCGA § 24-3-14. *Ishak v. First Flag Bank*, 283 Ga. App. 517, 519 (642 SE2d 143) (2007). And we have held that a bank employee's uncontested affidavit setting forth the amount of interest that had accrued authorized an award of interest as a matter of law, where, as here, the defendant never came forward with contrary evidence. *McIntosh v. McLendon*, 162 Ga. App. 220, 221 (2) (290 SE2d 157) (1982). Furthermore, the affidavit, which states that the default variable interest rate has consistently been 21.5 percent at all times relevant to this action, provided a sufficient basis for computing the interest rate from the date the affidavit was made to the date that judgment was entered. See *Hinton v. Institutional Investors Trust*, 133 Ga. App. 364, 367-368 (3) (211 SE2d 169) (1974).

*Read v. Benedict*, 200 Ga. App. 4 (406 SE2d 488) (1991), does not require a different result. There, we affirmed a trial court's grant of a partial directed verdict on an interest claim because we found "no competent evidence of record sufficient to enable the jury to calculate the applicable prime rate and, thus appellant's interest claim with reasonable certainty." Id. at 8 (3). In this case, the bank

employee's affidavit constitutes competent evidence regarding the variable interest rate, and absent any evidence from the defendants that the interest rate differed, the trial court did not err in granting summary judgment to SunTrust on the principal and interest due.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED NOVEMBER 1, 2011.

*Orr, Brown & Johnson, E. Wycliffe Orr, Sr., Dustin R. Marlowe,* for appellants.

*Arnall, Golden & Gregory, James A. Gober,* for appellee.