**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**July 5, 2012**

# In the Court of Appeals of Georgia

A12A0414. CAPITAL CITY DEVELOPERS, LLC, et al. v. BANK
OF NORTH GEORGIA.

MIKELL, Presiding Judge.

The Bank of North Georgia (the "Bank") sued borrowers Capital City Developers, LLC; Anderson Avenue Partners, LLC; Giles Properties, LP; and Benjamin Michael Giles, along with guarantors Benjamin J. Giles, Jr.; Harold T. Pounders; and Keith D. Kantor (collectively, "Appellants") to collect money owed, alleging that Appellants had defaulted on 24 promissory notes and related guaranties. The trial court granted summary judgment in favor of the Bank and entered a final judgment against all Appellants in the total amount of $3,288,969.08 in principal, interest, and attorney fees. On appeal, Appellants asserted that the trial court erred because: 1) their affirmative defense of estoppel precludes a grant of summary

judgment in the Bank's favor; and the Bank failed to establish the amounts owed through proper tendering of evidence into the record. We affirm as to the first issue; as to the second issue, we affirm the judgment as to liability, but reverse the amount of damages and remand for further proceedings consistent with this opinion.

A grant of summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] "On summary judgment, after the movant makes a prima facie showing of its entitlement to judgment as a matter of law, the burden then shifts to the respondent to come forward with rebuttal evidence. To do so, the respondent must set forth specific facts showing the existence of a genuine issue of disputed fact."[2] On appeal from the grant or denial of a motion for summary judgment, we apply a de novo standard of review, viewing the evidence and all reasonable inferences and conclusions drawn from it in the light most favorable to Appellants as the non-moving parties.[3]

---

[1] OCGA § 9-11-56 (c).

[2] (Footnote omitted.) *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310 (724 SE2d 33) (2012).

[3] *Jenkins v. Wachovia Bank, Nat. Assn.*, 309 Ga. App. 562 (711 SE2d 80) (2011).

2

So viewed, the evidence shows that Appellants began acquiring real estate for the purpose of constructing single-family dwellings. In early- through mid-2009, they obtained acquisition and construction loans from a predecessor-in-interest to the Bank. For each acquisition of real estate, one of the borrowers executed a promissory note secured by the real estate purchased, and a subset of one or more guarantors executed related guaranties. In October 2009, the Bank issued notices of default and demanded payment, and later sued for recovery on breach of the notes and guaranties. Appellants answered, denying that they owed the debt.[4] The trial court, without holding a hearing, granted the Bank's motion for summary judgment as to liability only. The trial court then entered a final judgment, from which this appeal arises, setting forth the amounts awarded to the Bank under the notes.

1. As a threshold matter, we note that the Bank provided the authenticated loan and guaranty documents evincing a debt, and Appellants did not dispute their authenticity. A plaintiff suing on promissory notes establishes a prima facie right to judgment as a matter of law by producing the notes and showing they were executed,[5]

---

[4] In a deposition, one of the guarantors, Pounders, acknowledged that Capital City did not fully pay its loans.

[5] *Alexander v. Wachovia Bank, Nat. Assn.*, 305 Ga. App. 641, 642 (700 SE2d 640) (2010).

3

and the trial court found that the Bank had met this burden. Appellants do not challenge the trial court's finding of a prima facie case. Rather, "[t]heir argument goes to the issue of the *amount* of money owed, not to liability vel non."[6] They contend that the trial court erred in granting the Bank's motion for summary judgment because the Bank failed to establish the amounts owed under the notes with admissible evidence. We agree.

"Admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally."[7] "A trial court's decision to admit evidence as an exception to the hearsay rule will not be disturbed absent an abuse of discretion."[8]

With its motion for summary judgment, the Bank submitted the affidavit of its vice president, David O'Rear, the custodian of the Bank's business records related to claims and loans at issue. In his affidavit, O'Rear averred that he was personally familiar with the Bank's routine practice for maintaining those business records and

---

[6] (Emphasis in original.) *Shropshire*, supra at 315 (3).

[7] (Citation and punctuation omitted.) *Albertson v. City of Jesup*, 312 Ga. App. 246, 251 (2), n. 18 (718 SE2d 4) (2011).

[8] (Footnote omitted.) *Walter R. Thomas Assocs. v. Media Dynamite, Inc.*, 284 Ga. App. 413, 416 (1) (643 SE2d 883) (2007).

4

calculating amounts owed; that the loan documents and records were made and kept in the ordinary course of business; and that it was the Bank's routine practice to record payments and changes in amounts owed at or near the time the relevant events occurred. His affidavit was accompanied by what appear to be computer printouts listing the current balance, daily interest charges, late charges, and other fees. He testified that the printouts are bank records reflecting current amounts owed.

Appellants contend that the printouts are "summaries" unaccompanied by the underlying business records on which they are based, and that as such, they are inadmissible hearsay evidence. The documents at issue are accompanied by the relevant guaranty or guaranties, the original loan documents, and default letters from the Bank.

OCGA § 24-3-14 (b) defines the type of writings admissible as a hearsay exception under the business records exception as follows:

> [a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record *at the time*

*of the act, transaction, occurrence, or event or within a reasonable time thereafter.*[9]

These printouts are not such records; they are summaries of such records. They were not made at or near the time of the transactions at issue. They were generated and printed between January 27 and February 4, 2011, yet they purportedly represent amounts owed on loans whose terms commenced between July 9, 2008, at the earliest and June 5, 2009, at the latest.[10]

"[A]lthough a summary prepared in support of a demand for payment may not qualify as a business record under OCGA § 24-3-14, . . . summarized statements of what records show are admissible if the records themselves are accessible to the court and the parties."[11] Here, the Bank's summaries were accompanied by some business records, but a search of the record reveals that crucial underlying business records related to fees and interest were not available to the this Court or Appellants.

---

[9] (Emphasis supplied.)

[10] See *Patterson v. Bennett Street Properties*, __ Ga. App. __ (4) (Case No. A11A1964, decided March 19, 2012).

[11] (Citations omitted.) *Morris v. Nat. Western Life Ins. Co.*, 208 Ga. App. 443, 444 (1) (c) (430 SE2d 813) (1993).

Most of the summaries list "late charges," but are unaccompanied by business records showing from what relevant dates and on what underlying amounts the late charges accrued. Some summaries list "other fees" that are not explained, and the Bank has pointed us to no supporting business records. Neither the Bank's briefing nor O'Rear's affidavit identifies any provision in the notes or guaranties obligating Appellants to pay the "other fees." Additionally, all the summaries list "interest" charges and indicate the daily rate of accrual. The notes, however, provide that interest is variable based upon "Lender's Prime" plus one percent prior to maturity, and a fixed rate after maturity. The summaries are unaccompanied by business records showing pre-maturity interest calculations and rate variations.

"[W]here, as in this case, such [documents] are neither introduced in evidence nor accounted for, it is erroneous to admit in evidence such summarized statement[s]."[12] Absent evidence to establish a variable interest rate, judgment as to amount in favor of the lender would be improper in the face of a denial by the debtors

---

[12] *Camp v. State*, 31 Ga. App. 737, 740 (6) (a) (122 SE2d 249) (1924); *Patterson*, supra. See also *Walter R. Thomas Assocs.*, supra at 416-417 (1) (b) (where summary lists fee but no supporting business records are presented, "that entry is hearsay and cannot be considered in determining the amount owed") (footnote omitted).

as to the amount sought.[13] Further, where business records do not adequately show a requirement to pay fees, the amount of damages has not been established.[14]

We find that the trial court abused its discretion by considering these summaries in its determination of the amounts awarded. We affirm judgment as to liability, but reverse the award of damages and remand for further proceedings consistent with this opinion.

2. Appellants argue that because they tendered into the record facts supporting the affirmative defense of estoppel, the trial court erred in granting summary judgment to the Bank. We disagree.

> Summary judgment law does not require the movant to show that no issue of fact remains but only that no genuine issue of material fact remains; and, while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where the

---

[13] See also *Shropshire*, supra at 314 (2) (b). See *Garrett v. Atlantic Bank & Trust Co.*, 157 Ga. App. 103-104 (1) (276 SE2d 152) (1981) (fact issue remained where bank introduced no evidence establishing interest rates during life of loan based on bank's prime rate and debtor denied liability).

[14] See *Aniebue v. Jaguar Credit Corp.*, 308 Ga. App. 1, 6 (2) (708 SE2d 4) (2011).

evidence shows clearly and palpably that the jury could reasonably draw but one conclusion.[15]

Appellants contend that when they could not keep up their loan payments, Pounders, a guarantor, spoke with O'Rear and his superior, Terence Lewis. Pounders deposed that Lewis and O'Rear agreed to accept offers from third-party buyers of $70,000 "per house" regardless of the amount owed. The record shows that Appellants had found third-party buyers for three of the notes. Pounders deposed that O'Rear told him the Bank had accepted the offer from the third-party buyers, but the Bank later reneged on the deal. Invoking both the doctrines of equitable estoppel and promissory estoppel, Appellants argue that they were prejudiced by the Bank's refusal to sell the notes because the potential third-party buyers of the three notes also were planning to buy the remaining loan portfolio for $70,000 per completed house. Appellants further allege that both the Bank and the third-party buyers had agreed not to pursue Appellants for any deficiency. The Bank denies agreeing to sell the notes and denies any agreement not to pursue Appellants for a deficiency.

---

[15] (Citation and punctuation omitted.) *Hendricks v. Enterprise Financial Corp.*, 199 Ga. App. 577, 581 (4) (405 SE2d 566) (1991).

"In order for equitable estoppel to arise, there must generally have been some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury."[16] Appellants have pointed us to no portion of the record showing, nor have they made any argument, that the Bank, Lewis, or O'Rear "made the alleged representation with *knowledge that a sale would not occur or intention that a sale would not be finalized*. Bare conclusions and contentions unsupported by an evidentiary basis in fact are insufficient to oppose a motion for summary judgment."[17] Appellants have nowhere in their briefs addressed this requirement.

---

[16] OCGA § 24-4-27. Accord *Medders v. Smith*, 245 Ga. App. 323, 324 (1) (537 SE2d 153) (2000) (party asserting estoppel must establish, inter alia, "conduct amounting to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert"). See also *Fundus America (Atlanta) Ltd. Partnership v. RHOC Consolidation*, 313 Ga. App. 118, 121 (1) (a), n. 9 (720 SE2d 176) (2011) (party claiming equitable estoppel must prove it is free from fraud in the transaction, and must have acted in good faith and with reasonable diligence).

[17] (Citation and punctuation omitted; emphasis supplied.) *Griffin v. State Bank of Cochran*, 312 Ga. App. 87, 91 (1) (a) (718 SE2d 35) (2011).

A party asserting equitable estoppel also must show, among other things, that it changed its position prejudicially[18] and justifiably relied to its detriment upon the representations at issue.[19] A party asserting promissory estoppel must show reasonable reliance on the promise.[20] Here, the affirmative defenses fail as a matter of law because Appellants could neither reasonably nor justifiably rely on what they allege were the Bank's representations. The promissory notes specifically provide that "no modification of this agreement may be made without [the lender's] express written consent." The guaranties provide, "this guaranty may not be waived, modified, amended, terminated, released or otherwise changed except by a writing signed by the Undersigned and Lender."

Appellants have presented no evidence of the Bank's written consent to any of the note sales, nor have they alleged that the Bank consented in writing. Although Pounders deposed that a broker helped Appellants find buyers who executed a promissory note purchase agreement for three of the properties, that agreement

---

[18] *Medders*, supra. at 324-325 (1).

[19] *State Farm Mut. Automobile Ins. Co. v. Penrow*, 142 Ga. App. 463, 466 (4) (236 SE2d 275) (1977).

[20] *Fidelity & Deposit Co. &c. v. West Point Constr. Co.*, 178 Ga. App. 578, 580 (1) (344 SE2d 268) (1986).

contains a number of blank spaces and never was signed by the Bank. Appellants could not reasonably rely on the alleged oral promises of Bank officials to sell the notes.[21] Given the language in the notes and guaranties, those

> clear and unambiguous provision[s] served to place [Appellants] on due notice that [they] could not thereafter reasonably rely upon any words or other course of dealing to [their] inducement, other than a modification agreement actually reduced to writing. . . . Likewise, in view of this provision [the Bank] could not reasonably expect that [its] particular conduct, even when such conduct is viewed in the light most favorable to [Appellants], would induce the asserted action or forbearance.[22]

The trial court did not err in granting summary judgment to the Bank on Appellants' estoppel claim.

*Judgment affirmed in part and reversed in part, and case remanded. Miller and Blackwell, JJ., concur.*

---

[21] *Griffin*, supra at 95 (2) (a) (no reasonable reliance on oral representations for sale of bank where note and guaranty contained integration clauses providing that those documents constituted the entire agreement of the parties).

[22] (Citations and punctuation omitted.) *Gerdes v. Russell Rowe Communications, Inc.*, 232 Ga. App. 534, 536 (2) (502 SE2d 352) (1998) (reliance on oral agreement not reasonable where contract provides only for written modification). Accord OCGA § 13-3-44 (a). See, e.g., *Dukes v. Board of Trustees &c.*, 280 Ga. 550, 553 (629 SE2d 240) (2006) (detrimental reliance, as an essential element of equitable estoppel, is not a factor where estoppel cannot be applied as a matter of law).